UNITED STATES of America,
Plaintiff–Appellant,

v.

Myron KEENE, Defendant–Appellee.

No. 89–50617.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 1, 1990.

Decided April 29, 1991.

Stephen G. Wolfe, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellant.

Karen R. Smith, Los Angeles, Cal., for defendant-appellee.

Before ALARCON and NORRIS, Circuit Judges, and MARSH, District Judge [*].

MARSH, District Judge:

Defendant pled guilty to conspiracy to possess and distribute 437 kilograms of cocaine, an offense which carries a ten year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A). Prior to the imposi- tion of sentence, the government moved for a downward departure from the Sentencing Guidelines based upon Mr. Keene's substantial assistance in the conviction of several codefendants. During the sentencing hearing, the government orally sought to clarify its departure request, stating that the request was made pursuant to Guideline 5K1.1 and not pursuant to 18 U.S.C. § 3553(e). The defendant was sentenced to three years imprisonment. The district court not only departed below the Guideline range of 188 to 235 months, but also below the statutory minimum of ten years. The government appeals the district court's downward departure below the statutory minimum sentence in the absence of a government motion specifically invoking 18 U.S.C. § 3553(e).[1]

## STANDARD

A district court's interpretation of the sentencing guidelines is reviewed *de novo*. *United States v. Lawrence*, 916 F.2d 553, 554 (9th Cir.1990).

## DISCUSSION

The issue presented in this appeal involves the interpretation and interrelation of two statutory provisions and one Guideline section addressing a reduction in sentence based upon a defendant's substantial assistance to authorities: 18 U.S.C. § 3553(e), 28 U.S.C. § 994(n) and U.S.S.G. § 5K1.1. Appellant contends that the district court lacked discretion to set a sentence below the statutory minimum in the absence of a motion from the government notifying the court that defendant provided substantial assistance under § 3553(e) rather than 5K1.1.

Section 3553 was enacted in 1984 as part of the Omnibus Crime Bill. Subsection (e), entitled "Limited authority to impose a sen-

---

[*] Honorable Malcolm F. Marsh, United States District Judge for the District of Oregon, sitting by designation.

1. The government does not raise the issue of the reasonableness of the extent of the court's departure. Therefore, for the purposes of this appeal, we consider only the legal question of whether the district court lacked authority to depart below the ten year minimum provided in 21 U.S.C. § 841. Thus, although the dissent takes issue with our failure to include a lengthy recitation of the offense conduct, the merits of departure in this particular case are beyond the scope of this appeal.

tence below a statutory minimum" provides as follows:

"Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of Title 28, United States Code."

Section 994 of Title 28, created as part of the Sentencing Reform Act of 1984, contains a detailed list of the duties of the Sentencing Commission. Section 994(n) empowers the Sentencing Commission to provide for downward adjustments to account for a defendant's substantial assistance:

"The Commission shall assure that the guidelines reflect the general appropriateness of imposing a lower sentence than would otherwise be imposed, including a sentence that is lower than that established by statute as a minimum sentence, to take into account a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense."

The Sentencing Commission carried out the mandate of section 994(n) by adopting Section 5K1.1 of the Sentencing Guidelines. Section 5K1.1 provides that,

"Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines."

Subsection (a) of 5K1.1 lists several nonexclusive factors that may be considered

by the court in determining whether and to what extent a departure is merited.

Our review of the cases interpreting 3553(e) and 5K1.1 has revealed a lack of clarity regarding the relationship of these two provisions. Most courts have interpreted 5K1.1 as "implementing" § 3553(e), which suggests that 5K1.1 is the means to accomplish the end sought by the statute. *See United States v. Deases*, 918 F.2d 118 (10th Cir.1990); *Ehrsam v. Rubenstein*, 917 F.2d 764 (3rd Cir.1990); *United States v. Brick*, 905 F.2d 1092 (7th Cir.1990) (section 3553(e) is "statutory counterpart" to 5K1.1); *United States v. Campbell*, 704 F.Supp. 661 (E.D.Va.1989) (court could depart below statutory minimum on government's 5K1.1 motion since § 994(n) "effectively incorporates" 3553(e)). *But see, United States v. Coleman*, 895 F.2d 501, 504 (8th Cir.1990) (3553(e) and 5K1.1 have different effect because "3553(e) allows the court to depart below the mandatory minimum statutory term of imprisonment [while] section 5K1.1 allows the court to depart below the guideline range") (dicta).[2]

In *United States v. Ayarza*, 874 F.2d 647 (9th Cir.1989), *cert. denied* — U.S. —, 110 S.Ct. 847, 107 L.Ed.2d 841 (1990), this court held that the requisite "motion of the government" provision found in both 5K1.1 and 3553(e) does not violate the doctrine of separation of powers or any constitutional rights to due process. In reaching this conclusion, the court adopted the reasoning in *United States v. Severich*, 676 F.Supp. 1209 (S.D.Fla.1988), *aff'd*, 872 F.2d 434 (11th Cir.1989) and *United States v. Musser*, 856 F.2d 1484 (11th Cir.1988), *cert. denied*, 489 U.S. 1022, 109 S.Ct. 1145, 103 L.Ed.2d 205 (1989).[3] In *Musser*, the Eleventh Circuit upheld the government motion requirement found in 3553(e) and Fed.R.

---

**2.** Although the dissent infers that this "string citation" erroneously suggests that other courts have rejected appellant's argument, we acknowledge that the issue presented in this appeal appears to be one of first impression. The citations are offered solely to illustrate the limited attempts to reconcile 5K1.1 with 3553(e).

**3.** In *Ayarza*, this court did not specify which section the appellant challenged, but rather referred to the requirement found in both the statute, section 3553(e), and guideline provision 5K1.1 for a motion by the government. However, in footnote 2, we noted that the Sentencing Commission did not exceed its authority pursuant to section 994(n) in enacting 5K1.1 "in view of the fact that Congress itself drafted section 3553 the same way."

Crim.P. 35 against a challenge that the provisions impermissibly delegate unbridled discretion to the prosecution. In upholding the constitutionality of this threshold requirement, the court specifically found that "the only authority delegated by the rule is the authority to *move* the district court for a reduction of sentence in cases in which the defendant has rendered substantial assistance. The authority to actually reduce a sentence remains vested in the district court ..." *Musser*, 856 F.2d at 1487 (emphasis in original). *Accord United States v. Pippin*, 903 F.2d 1478, 1485 (11th Cir.1990) (prosecutor's power to make 5K1.1 motion does not allow government to determine appropriate sentence) and *United States v. Francois*, 889 F.2d 1341, 1344 (4th Cir.1990) *cert. denied* —— U.S. ——, 110 S.Ct. 1822, 108 L.Ed.2d 951 (1990) (5K1.1 motion grants government authority to file motion, but gives no control over extent of departure). The rationale underlying *Ayarza* and *Musser* is limited to the recognition that the prosecutor is in the best position to know whether defendant's cooperation has been helpful. The extent of that assistance and its impact on the sentence are matters left within the sound discretion of the sentencing judge. *See Pippin*, 903 F.2d at 1478 (once 5K1.1 motion made, government has no control over extent of departure but may appeal that sentence imposed was unreasonable); and *United States v. Vizcarra–Angulo*, 904 F.2d 22 (9th Cir.1990) (court lacks jurisdiction to consider defendant's challenge of extent of district court's downward departure).

If we were to accept the government's position, that 5K1.1 and 3553(e) create two separate grounds for a motion based upon a defendant's substantial assistance, we would have to find that Congress intended to vest with the prosecutor not only the authority to make the motion, but also the authority to set the parameters of the court's discretion. There is nothing in the legislative history, nor in the language of section 3553 or section 994 that suggests such a result. Thus, we reject the government's argument that this statutory scheme ultimately gives the prosecutor the power not only to notify the court of a defendant's substantial assistance, but to limit the judge's discretion to set the sentence by choosing to file its motion under 5K1.1 rather than § 3553(e).

Unlike section 3553(e), the last clause in the opening paragraph to 5K1.1 refers specifically to departure from the guidelines, rather than a reduction below a statutory minimum. However, Application Notes 1 and 2 and the Background Commentary refer broadly to "sentencing reduction." While the Application Notes are silent as to the relationship among section 5K1.1 and the two statutory provisions upon which it is based, Application Note 1 provides: "Under circumstances set forth in 18 U.S.C. § 3553(e) and 28 U.S.C. § 994(n), as amended, substantial assistance in the investigation or prosecution of another person who has committed an offense may justify a sentence below a statutorily required minimum sentence." Further, the background commentary directs the sentencing judge to state his reasons for reducing a sentence, based upon 18 U.S.C. 3553(c).[4]

■ Thus, although 5K1.1 speaks initially in terms of "departures" from the guidelines, section 994(n) and the Application Notes to 5K1.1 refer more generically to "sentence reductions" and specifically refer to reductions below the statutory minimum as provided by 3553(e). In light of the substantial cross references between 5K1.-1, 3553(e) and 994(n), we conclude that 994(n) and 5K1.1 do not create a separate ground for a motion for reduction below the guidelines exclusive of 3553(e)'s provision for reduction below the statutory minimum. Rather, 5K1.1 implements the directive of 994(n) and 3553(e), and all three provisions must be read together in order to determine the appropriateness of a sen-

4. The Background Commentary to 5K1.1 recognizes that "[l]atitude is, therefore, afforded the sentencing judge to reduce a sentence based upon variable relevant factors, including those listed above [in subsection (a) ]. The sentencing judge must, however, state the reasons for reducing a sentence under this section. 18 U.S.C. § 3553(c)."

tence reduction and the extent of any departure.

It is clear from recent decisions from this Circuit that a transfer of sentencing authority from the judge to the prosecutor does not violate a criminal defendant's right to substantive or procedural due process. *United States v. Fuentes*, 925 F.2d 1191, 1193 (9th Cir.1991) (due process permits prosecutors to "influence" sentencing) and *United States v. Mondello*, 927 F.2d 1463, 1467 (9th Cir.1991) (acknowledging prosecutor's influence upon sentencing in deciding what crime to charge).[5] Thus, the crucial distinction between the issue presented in this case, and the due process challenges rejected in *Fuentes* and *Mondello*, is that we fully acknowledge the prosecutor's authority, but are merely attempting to define the limits of the powers conferred upon the government by 5K1.1 and 3553(e) and reconcile those powers with the task to be performed by the sentencing judge.

It is with this limited task in mind that our concerns regarding the scope of the government's power come into play. Once the motion is made by the government, a transfer of discretion regarding the range of departure could well frustrate Congress' goal of eliminating sentencing disparity given the absence of appellate review over the prosecutor's activity. *See United States v. Chotas*, 913 F.2d 897, 905 (11th Cir.1990) (Clark, Circuit Judge, concurring in part and dissenting in part on the efficacy of strictly limiting a 5K1.1 departure to a motion from the government). As one witness noted during congressional oversight hearings:

"In the judicial area every decision is subject to review. Every decision rendered must be grounded on articulated facts and legal theories stated on the open record. An error in either regard is subject to appeal and reversal. When the decision is made by the prosecutor, there is no public proceeding, there are no enunciated facts, and legal theories become irrelevant. Whatever the decision, it is absolutely unreviewable. No matter how wrong, it cannot be corrected."

Congressional Oversight, 2 Fed.Sent.R. 227 (1990) (summary of statements before the House Subcommittee on Criminal Justice, March 7, 1990, statement of Thomas W. Hillier, Federal Public Defender) (*quoting United States v. Boshell*, 728 F.Supp. 632 (E.D.Wa.1990)).

Finally, appellant's reliance upon *United States v. Sharp*, 883 F.2d 829 (9th Cir.1989) and *United States v. Coleman*, 895 F.2d 501 (8th Cir.1990) is misplaced. In *Sharp*, the district court sentenced a defendant below the guideline range and below the statutory minimum in the absence of either motion or recommendation from the government or request by the defendant. Thus, our decision in *Sharp* provides no illumination as to the government's ability to restrict a sentencing judge's discretion upon filing a motion for departure.

Similarly, in *Coleman*, the issue was not whether 5K1.1 and 3553(c) create two separate motions, but what government action is necessary to make a motion at all. The Eighth Circuit held that the government must specifically file a motion under 3553(e) and may not rely upon informal letters explaining the scope of a defendant's cooperation.

■ Accordingly, once the government filed a motion for departure based upon Mr. Keene's substantial assistance, it was within the sentencing court's authority to exercise its discretion in determining the appropriate extent of departure.

AFFIRMED.

ALARCON, Circuit Judge:

I respectfully dissent,

---

5. We need not reach the issue of whether a district court could ever *sua sponte* reduce a sentence below the guidelines or a statutory minimum in the absence of a motion for reduction from the government. Further, contrary to the characterization of *Ayarza* by the dissent, the issue of a *sua sponte* reduction has not been decided in this circuit. *See United States v. Mena*, 925 F.2d 354, 355 (9th Cir.1991) (court has not considered whether government motion is necessary prerequisite for a 5K1.1 departure).

### Prefatory Statement

The issue presented in this case is quite direct:

Does a district court judge have the authority *sua sponte* to sentence a defendant below the applicable mandatory minimum punishment prescribed by Congress?

The answer to this question is set forth in clear, plain language in 18 U.S.C. § 3553(e). Section 3553(e) authorizes a district court, "to impose a sentence below a level established by statute as minimum sentence" upon motion of the Government "to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense."

The Government did not make a motion in this matter requesting the district court to impose a sentence below the statutory minimum. Instead, the Government requested that the district court impose a sentence not less than the ten year minimum period of imprisonment prescribed by Congress in 21 U.S.C. § 841(b)(1)(A), but less than the applicable Sentencing Guideline range of 188 to 235 months. The district court denied the Government's motion. The district court granted Keene's October 5, 1989 motion that the court impose a sentence below the mandatory minimum based on his substantial cooperation. This action was a clear violation of the law of this circuit as reflected in *United States v. Sharp*, 883 F.2d 829, 831 (9th Cir.1989) and *United States v. Ayarza*, 874 F.2d 647, 653 (9th Cir.1989).

The district court imposed a sentence that is 12 years and 8 months below the applicable Sentencing Guideline range and 7 years below the mandatory punishment required by § 841(b)(1)(A). Because the district court was not authorized to impose a sentence of less than ten years, in the absence of a motion by the Government, I would vacate the sentence and remand with directions to comply with the express terms of section 3553(e).

The majority has not set forth a summary of the facts that are necessary to determine whether the district court had the authority to impose a sentence below the mandatory ten year minimum punishment required by 21 U.S.C. § 841(b)(1)(A) for the crime of conspiracy to possess and distribute 437 kilograms of cocaine. The only reference to the record in this matter in the majority's opinion is set forth in two sentences:

> Prior to the imposition of sentence the government moved for a downward departure from the Sentencing Guidelines based upon Mr. Keene's substantial assistance in the conviction of several co defendants. During the sentencing hearing, the government orally sought to clarify its departure request, stating that the request was made pursuant to Guideline 5K1.1 and not pursuant to 18 U.S.C. 3553(e).

Majority Opinion at page 712.

Omitted from the majority's brief summary of the proceedings is dispositive language from the Government's motion that is critical to a fair resolution of the questions presented to us in this appeal. For that reason, I have set forth the pertinent facts before discussing the applicable legal principles.

### I

### Pertinent Facts

Keene was indicted on March 2, 1989, for conspiracy to possess and distribute over five kilograms of cocaine (Count One), and possession of 437 kilograms of cocaine with the intent to distribute it (Count Two). On May 24, 1989, Keene entered into a written plea agreement with the Government. In exchange for Keene's plea of guilty to Count One and "complete cooperation with the government in connection with the present case of *United States v. Libutti, et al.* (No. CR89 166 AAH)," including testifying against his co defendants, the Government agreed to "make known to the [district] court the level and extent of his cooperation, if any, and his contribution, if any, to this investigation." The plea agreement also provides:

> [T]he United States makes no agreement as to the sentencing recommendation it will make to the court and reserves the

right to make whatever recommendations it deems appropriate. If in the opinion of the government your client has rendered 'substantial assistance' *within the meaning of the Sentencing Guidelines, the government will recommend a departure from the Guidelines.* (emphasis added).

The Government did *not* agree to consider making a recommendation that the district court impose a sentence below the mandatory minimum sentence for Count One. Instead, the Government promised to recommend "a departure from the Guidelines", if the defendant demonstrated substantial compliance, as that term is defined in the *Sentencing Guidelines.*

Keene entered a plea of guilty to Count One on May 25, 1989. In the presentence report, the probation officer calculated the applicable guideline range at 188 to 235 months, or 15 years and 8 months to 19 years and 7 months. There is no reference in the presentence report to a downward departure for substantial assistance. A two point adjustment to the offense level was recommended, however, for acceptance of responsibility.

The probation officer reported that an *upward* departure could be applied because the quantity of cocaine involved in this matter, 437 kilograms, is eight times greater than the highest figure in the Drug Quantity Table. The probation officer commented that "pursuant to Policy Statement 5K2.0, a departure from the guidelines is a factor, when the amount of cocaine, is present to a degree in excess of that identified in the governing guidelines, as in this case."

In his written comments to the presentence report, dated August 24, 1989, the defendant stated that "Keene's fleeting and 'fluke' contact with the 437 kilos involved in this case does not warrant such [an upward] departure." No request was made in Keene's written objections that the court should consider a downward departure for substantial compliance.

The Government filed its objections to the presentence report on August 30, 1989.

This document contains the following statement:

"The government agrees with the conclusion that the enormous quantity of cocaine involved in this case warrants an upward departure in this case. However, defendant Keene pleaded guilty pursuant to an agreement that called for his cooperation with the government. He has made a good faith effort to provide substantial assistance in the investigation and prosecution of other persons who have committed offenses, by providing information to law enforcement personnel and by testifying at the trial of his co-defendants in this case. For that reason, the government recommends that while the court should depart upward from the Guidelines due to the huge quantity of cocaine in this case, *the court should also depart downward* for defendant Keene's substantial assistance to law enforcement authorities, *and impose a sentence equal to the statutory mandatory minimum which applies in this case: ten years."*

(emphasis added).

In a document entitled "Sentencing Memorandum," dated October 5, 1989, Keene's counsel requested that the court "grant him leniency and mercy" and impose a sentence "below the ten years recommended by the government" based upon the defendant's "substantial cooperation."

At the sentencing hearing defense counsel argued that if the Government makes a motion for a downward departure from the Sentencing Guidelines, based on the defendant's substantial compliance, the district court is free to impose a sentence below the mandatory minimum sentence. Keene's counsel expressed her view of the law as follows:

[I]t is our position that the Government has—by presenting his substantial assistance to the Court—opened up to the Court, the option of applying the Guidelines provisions, taking into account those five factors, and in doing that, we believe a sentence below the 10 years recommended by the Government is ap-

propriate. And we also assert that this Court has the power to do so.

No authority was cited to the court to support this interpretation of section 3553(e). The following colloquy occurred after defense counsel's presentation:

MR. WOLFE: Well, Your Honor, the Government's recommendation is that he be sentenced to 120 months, the statutory mandatory minimum.

THE COURT: But *I don't see how you can say that in light of what it says here in the Statute,* that "... on motion of the Government ...". *You asked me to depart,* which you did because of his cooperation with the Government in testifying and so on, and I suppose blowing the whistle too other than testifying. *I should consider a departure from the mandatory minimum in light of the Statute.*

MR. WOLFE: Your Honor, the Government does not make that motion.

THE COURT: No, but you did make a motion that he be considered for departure. You didn't say how much.

MR. WOLFE: No, Your Honor. The Government's request was that this Court depart—

THE COURT: That's in your memo—

MR. WOLFE:—from the Guidelines, and the departure be to a 10 year sentence. The Government did not make a separate motion for departure from the statutory minimum.

THE COURT: But you leave it open. That's the trouble in my book, and no matter, if you say depart, you've said it all, because you can't tell me how much. You can recommend it, but I decide how much.

MR. WOLFE: That's correct, Your Honor, as to the Guidelines. Once—

THE COURT: Sure, and *that's correct as to the Statute, that I can go below the mandatory minimum.*

MR. WOLFE: The Government has not made that motion, Your Honor.

THE COURT: Well, you made the motion in the first sentence, "... Upon motion by the Government, the court shall have the authority to impose a sentence below the level established by Statute as minimum sentence, so as to reflect a defendant's substantial assistance in the investigation and prosecution of another person who has committed an offense."

Now the way you're reading this, you're saying that, "upon motion ..."—that the Government has to move at a figure which is a departure, but nevertheless at or above the mandatory minimum, and I don't think you've said that either. You've just sort of left it hanging in the air.

MR. WOLFE: Your Honor, I'm here to make it clear if Your Honor doesn't find it clear.

THE COURT: Well, I don't find it clear, and I think that not finding it clear, that I'm entitled to fix any amount I want.

MR. WOLFE: Your Honor, that's not the law of this Circuit.

THE COURT: Well, I think it is. You don't have to have a motion of the U.S. Attorney, motion of the Government's lawyer, to tell me that I can't go below the minimum. You have to say that in your motion "that we move that you go below the minimum, because we give you the authority to do it, and because of—of Section 3553E." I don't think you said that.

MR. WOLFE: That's right, Your Honor. The Government has not made that motion, and the Court does not have the authority—

THE COURT: But you don't say you haven't made a motion to depart from the Guidelines.

MR. WOLFE: I have made a motion to depart from the Guidelines.

THE COURT: *And if I do, I can go to a level below the statutory minimum, whether you like it or not.*

MR. WOLFE: Your honor, that's simply not the law.

THE COURT: I think so. If it isn't take it up and reverse it if you can. (emphasis added).

It is clear from this colloquy that the district court believes that it has the au-

thority under section 3553(e) to impose a sentence below the mandatory minimum whenever a motion for a departure from the applicable Sentencing Guidelines is based on substantial compliance, notwithstanding a specific request by the Government that the district court comply with the statutory requirement that the mandatory minimum sentence be imposed.

## II

### Analysis of The Majority's Rationale

The majority appears to hold that a sentence below the statutory mandatory minimum may be imposed pursuant to section 5K1.1 of the Sentencing Guidelines, if the Government informs the district court of a defendant's substantial assistance. Majority Opinion at page 715. The majority characterizes the Government's contention as follows: "[T]he district court lacked discretion to set a sentence below the statutory minimum in the absence of a motion from the government notifying the court that the defendant provided substantial assistance under § 3553(e) rather than 5K1.1." Majority Opinion at 713. The majority has apparently rejected the Government's argument that a motion pursuant to section 3553(e) is necessary to empower the district court to impose a sentence below the minimum sentence prescribed by Congress on the ground that section 5K1.1 implements section 3553(e) and "is the means to accomplish the end sought by the statute." Majority Opinion at 713. None of the cases set forth in a string citation by the majority support this proposition. The majority has failed to direct us to the pages in these decisions that present the analysis upon which it relies. An examination of the *holdings* of each of the cases cited by the majority will demonstrate to the reader that no circuit has purported to nullify the plain meaning of the words used by Congress in section 3553(e) to limit the authority of the district courts on imposing sentence for certain crimes. I will discuss these cases in the same order that they are presented in the majority opinion.

The first case relied upon by the majority is *United States v. Deases*, 918 F.2d 118 (10th Cir.1990). In *Deases*, the defendant argued on appeal that a district court has the authority to make a "downward departure" whenever the record shows substantial assistance, even if the Government has not made a motion pursuant to 5K1.1. The Tenth Circuit held that "a district court may not depart downward on the basis that a defendant has given the government 'substantial assistance' unless the government has first filed a motion under § 5K1.1." *Id.* at 120. There is simply no discussion in *Deases* of the authority of a district court to impose a sentence below the mandatory minimum. I can find nothing in *Deases* that is sympathetic to the notion that a district court may impose a sentence that is more lenient than the punishment prescribed by Congress where the Government has expressly requested that the court impose the punishment required by the applicable statute.

In *Ehrsam v. Rubenstein*, 917 F.2d 764 (3rd Cir.1990), a *state* prisoner appealed the dismissal of his petition pursuant to 28 U.S.C. § 2254. He contended that the Pennsylvania Mandatory Minimum Sentencing Act violated the due process clause of the fourteenth amendment because it precluded individualized sentences. *Id.* at 766. The Third Circuit reaffirmed its earlier decisions that "there is no due process right to individualized sentencing." *Id.* In dictum, the court stated that under section 3553(e), and section 5K1.1 "the prosecutor possesses discretion whether to permit departure from a mandatory minimum sentence." *Id.* at 767. This observation is contrary to the conclusion reached by the majority in this matter.

In *United States v. Brick*, 905 F.2d 1092 (7th Cir.1990), the defendant contended that the statements made by Government counsel constituted a motion pursuant to section 5K1.1. *Id.* at 1098. The Seventh Circuit held that "the statements made by the government at Brick's resentencing do not satisfy the motion requirement of section 5K1.1." *Id.* at 1098. No issue was raised in *Brick* concerning the power of the court to impose a sentence below a mandatory minimum punishment.

In *United States v. Campbell*, 704 F.Supp. 661 (E.D.Va.1989), the district court held that the mandatory minimum five year sentence for a violation of 21 U.S.C. § 841, does not apply to a charge of a conspiracy to possess cocaine with intent to distribute. *Id.* at 663. The court also agreed with the Government's contention that "18 U.S.C. § 3553(e) empowers a sentencing court, on motion of the government, to impose a sentence below a mandatory minimum term where warranted by a defendant's cooperation with the authorities." *Id.* at 665. This dictum sheds no light on the issue we have been asked to resolve in this matter.

The next case relied upon by the majority is our decision in *United States v. Ayarza*, 874 F.2d 647 (9th Cir.1989), wherein the appellant challenged the constitutionality of the 1984 Sentencing Reform Act. *Id.* at 652. We were compelled to reject this contention as the result of the Supreme Court's decision in *Mistretta v. United States*, 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989). Additionally, Ayarza contended that the district court erred in denying his motion for a downward departure based upon substantial assistance. We held that section 3553(e) and section 5K1.1 were inapplicable because each of these provisions is conditioned upon a motion by the Government. *Id.* at 653.

The appellant in *Ayarza* also argued that section 3553(e) and section 5K1.1 of the Sentencing Guidelines were unconstitutional because they violate the doctrine of the separation of powers. *Id.* at 653. We rejected this contention. *Id.* Ayarza maintained further that section 3553 and section 5K1.1 violate due process because they permit the prosecutor to control the district court's sentencing discretion. We held that "section 3553 and section 5K1.1 are not unconstitutional insofar as they allow *only the Government to seek a departure* from the minimum mandatory sentence to reflect a defendant's 'substantial assistance.'" *Id.* (emphasis added). *Ayarza* teaches us that "only the Government" has the power to authorize a district court to impose a sentence below the statutory minimum. The majority's holding that a district court

may do so where the Government has recommended *against* such a reduction is contrary to the law of this circuit as expressed in *Ayarza*. A three judge panel lacks the authority to overrule a prior decision of this court.

The majority's reliance on *United States v. Musser*, 856 F.2d 1484 (11th Cir.1988), *cert. denied*, 489 U.S. 1022, 109 S.Ct. 1145, 103 L.Ed.2d 205 (1989), is also misplaced. In *Musser*, the appellants argued that section 3553(e) is unconstitutional "because it delegates to prosecutors unbridled discretion to decide who is entitled to a sentence reduction." *Id.* at 1487. The Eleventh Circuit observed that section 3553(e) authorizes a prosecutor "to *move* the district court for a reduction of sentence in cases in which the defendant has rendered substantial assistance." *Id.* The court noted that "[t]he authority to actually reduce a sentence remains vested in the district court...." *Id.* The quoted language simply recognizes that the district court has the power to reject the Government's motion and to decline to reduce a sentence below the mandatory minimum.

The majority cites *United States v. Pippin*, 903 F.2d 1478 (11th Cir.1990), for the proposition that a "prosecutor's power to make 5K1.1 motion does not allow government to determine appropriate sentence." Majority Opinion at 714. In *Pippin*, the Government contended that section 5K1.1 authorized it to limit a district court's exercise of its discretion to depart from the Sentencing Guidelines to the amount of a fine. *Id.* at 1485. The Eleventh Circuit had no occasion in *Pippin* to discuss the power of a district court to impose a sentence below a mandatory minimum sentence in the absence of a motion pursuant to section 3553(e).

The majority's reliance on *United States v. Francois*, 889 F.2d 1341 (4th Cir.1990), *cert. denied*, —— U.S. ——, 110 S.Ct. 1822, 108 L.Ed.2d 951 (1990), is equally puzzling. In *Francois*, the appellant contended that he was entitled to a downward departure "because of his alleged good faith attempt to assist the government." *Id.* at 1343. The Fourth Circuit held that "[t]here may

be no consideration by the court of the defendant's assistance until the necessary motion has been made by the government." *Id.* The court affirmed the denial of a downward adjustment because the appellant "cannot escape the clear import of the requirement that the government must initiate any departure from the Guidelines by filing a motion with the court." *Id.* at 1344.

The majority asserts that "[t]he extent of [the defendant's] assistance and its impact on the sentence are matters left within the sound discretion of the sentencing judge." Majority Opinion at 714. Cited in support of this proposition is *United States v. Vizcarra–Angulo*, 904 F.2d 22 (9th Cir. 1990). In *Vizcarra–Angulo*, however, we dismissed the appeal for lack of jurisdiction. *Id.* at 22. Thus, we declined to review the merits of the appellant's claim that the downward departure was insufficient. *Id.* at 23. *Vizcarra–Angulo* cannot be used to support the proposition that a district court may impose a sentence below a statutorily imposed minimum punishment.

The majority attempts to bolster its argument that a district court has the discretion to disregard a mandatory minimum sentence by referring us to the concurring and dissenting opinion of Judge Clark in *United States v. Chotas*, 913 F.2d 897 (11th Cir.1990). Judge Clark argued that "a motion by the government is not a prerequisite to a departure under U.S.S.G. § 5K1.1." *Id.* at 902. Judge Clark's view is contrary to the law of this circuit as reflected in *United States v. Alamin*, 895 F.2d 1335, 1337 (11th Cir.1990), and our decision in *United States v. Ayarza*, 874 F.2d at 653. The majority relies on Judge Clark to support its conclusion that "a transfer of sentencing discretion from the judge to the prosecutor could well frustrate Congress' goal of eliminating sentencing disparity given the absence of appellate review over the prosecutor's activity." Majority Opinion at 715. In *Ayarza*, we rejected a similar contention. We held "that it is rational for Congress to lodge some sentencing discretion in the prosecutor, the only individual who knows whether a de-

fendant's cooperation has been helpful". *Id.* at 653.

The foregoing analysis of the cases cited by the majority demonstrates that, until today, no court has held that a district court has the power to impose a sentence less than that required by Congress in the absence of a Government's motion pursuant to section 3553(e). In the discussion that follows, I will explain my view that a district court lacks the authority to disregard a mandatory minimum sentence unless the Government, in the exercise of its discretion, concludes that a defendant's cooperation merits such leniency.

### III

### Congressional Limitation On Sentencing Discretion

In ascertaining the intent of Congress, we must first look to the plain meaning of the words of the statute. *Lewis v. McAdam*, 762 F.2d 800, 804 (9th Cir.1985). If Congressional intent is clearly expressed in the statutory language, we need look no further. Section 3553(e) is free from ambiguity. Subsection (e) is entitled "Limited authority to impress a sentence below a statutory minimum." The text of the statute provides:

> Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense.

The district court and the majority have interpreted these words as authorizing a sentence below a statutory mandatory minimum whenever the Government requests a downward departure from the Sentencing Guidelines so as to reflect a defendant's substantial assistance. This reading of the statute ignores that portion of the statute that states explicitly that the district court lacks the power to disregard the mandatory provisions of a sentencing statute unless the Government makes a motion that the

court impose a sentence that is "below a level established by statute."

The majority claims that the adoption of section 5K1.1 by the Sentencing Commission authorizes a district court to impose a sentence below the minimum punishment prescribed by Congress. Section 5K1.1 provides:

Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

The majority has concluded that section 5K1.1 was adopted "to accomplish the end sought by [section 3553(e)]." Majority Opinion at 713. The panel states further that "5K1.1 [does] not create a separate ground for a motion for reduction below the guidelines exclusive of 3553(e)'s provision for reduction below the statutory minimum." *Id.* at 714. Having arrived at this surprising conclusion, the majority holds that "once the government filed a motion for departure based upon Mr. Keene's substantial assistance, it was within the sentencing court's authority to exercise its discretion in determining the appropriate extent of departure." Majority Opinion at 715. This holding is contrary to the law of this circuit, regrettably creates an intercircuit conflict, and violates accepted rules of statutory interpretation.

In *United States v. Sharp*, 883 F.2d 829 (9th Cir.1989), we held that, "when a statute requires a sentence different than that set by the guidelines, the statute controls." *Id.* at 831. Section 3553(e) expressly provides that a district court may impose a sentence below the minimum established by Congress only upon motion of the Government. Section 5K1.1 permits a downward departure from the applicable Sentencing Guidelines. It does not purport to authorize a departure below the mandatory minimum sentence.

In *Sharp*, we relied on the text of the commentary to section 5G1.1 of the Sentencing Guidelines which read: "If the statute requires imposition of a sentence other than that required by the guidelines, the statute shall control." In November, 1989, section 5G1.1 and its commentary were amended "to clarify the guideline." U.S.S. G.App. C, amendment 286. The meaning, however, is still the same. The pertinent part of the commentary to 5G1.1 now provides: "If the applicable guideline range is 41–51 months and there is a statutorily required minimum sentence of 60 months, the sentence required by the guidelines under subsection (b) is 60 months; a sentence of more than 60 months would be a guideline departure." In the absence of a Government motion pursuant to section 3553(e), the applicable sentencing statute requires the imposition of a sentence of ten years for the crime of conspiracy to possess and distribute and possess 437 kilograms of cocaine. 21 U.S.C. § 841(b)(1)(A). In *Sharp* we stated that "[w]here, as here, the statutory sentencing floor is lower than that of the guidelines, the district court can exercise its discretion to reduce the sentence based on mitigating factors to a term less than the guidelines range minimum, but not less than the statutory minimum." *Sharp*, 883 F.2d at 831 (citations omitted).

In the matter *sub judice*, pursuant to *Sharp*, the district court had the discretion to grant the Government's motion to impose a sentence below the Sentencing Guideline range of 188 to 235 months, but not less than the ten year mandatory minimum, if it agreed that Keene had rendered substantial assistance. *Id.* The district court had no power to impose a three year sentence of imprisonment. *Id.*

Our decision in *Sharp* is consistent with the reasoning of the Eighth Circuit in *United States v. Coleman*, 895 F.2d 501 (8th Cir.1990). In *Coleman*, the district court imposed a sentence below the statutory minimum after construing letters submitted by the Government spelling out the defendant's cooperation as the functional equivalent of a motion pursuant to section 3553(e). *Id.* at 503. The Eighth Circuit reversed the sentence. The court held that "in order for a court to depart based upon substantial assistance under § 3553(e) from a mandatory minimum sentence, the government must first file a motion under

§ 3553(e)." *Id.* at 505. The court in *Coleman* also noted that section 3553(e) and section 5K1.1 have discrete functions. "Section 3553(e) allows the court to depart below the mandatory minimum statutory term of imprisonment stated in the statute. Section 5K1.1 allows the court to depart below the guideline range." *Id.* at 504 n. 5. The majority dismisses the Eighth circuit's observation as dictum. Majority Opinion at 713. A comparison of the clear and unequivocal words used in section 3553(e) and section 5K1.1 will readily persuade a receptive reader that the Eighth Circuit's construction is accurate. Section 5K1.1 refers solely to a downward departure from the Sentencing Guidelines. Section 3553(e) concerns the limited authority to sentence below a mandatory minimum term of imprisonment.

In *United States v. Huerta*, 878 F.2d 89 (2nd Cir.1989), *cert. denied,* — U.S. —, 110 S.Ct. 845, 107 L.Ed.2d 839 (1990), the Second Circuit held that section 3553(e) and section 5K1.1 "unambiguously limit the discretion of a judge to impose a sentence below the statutory minimum on grounds of the defendant's cooperation to cases in which the government makes a motion requesting such a departure." *Id.* at 91. In the instant matter, the Government did not request a departure from the statutory minimum. To the contrary, the Government asked the court to impose a sentence not less than the ten year period of imprisonment required by statute.

The interpretation given by the majority to section 5K1.1 of the Sentencing Guidelines nullifies the words used by Congress in section 3553(e) that explicitly limits the authority of a district court to impose a sentence below a statutory minimum to those cases where the Government believes, in the exercise of its discretion, that such a sentence is merited.

> The words of a statute must be construed in context and the statutes must be harmonized, both internally and with each other, to the extent possible. Interpretive constructions of a statute which would render some words surplusage, defy common sense, or lead to mischief or absurdity are to be avoided.

*Pacific Mutual Life Insurance Company v. American Guaranty Life Insurance Company,* 722 F.2d 1498, 1500 (9th Cir. 1984) (citations omitted), *overruled on other grounds, In re McLinn,* 739 F.2d 1395 (9th Cir.1984). The majority's interpretation of section 5K1.1 as "implementing" section 3553(e) in fact renders the entire statute surplusage and is contrary to the intent of Congress.

In 28 U.S.C. § 994(n), Congress empowered the Sentencing Commission to create guidelines that "reflect the general appropriateness of imposing a lower sentence than would otherwise be imposed." In adopting 5K1.1, the Sentencing Commission authorized a district court to depart from the Sentencing Guidelines "upon motion of the government." The Sentencing Commission did not authorize the imposition of a sentence that is lower than that established by statute. Instead, the Sentencing Commission adopted section 5G1.1. As discussed above, Section 5G1.1 provides that the words of a statute control over inconsistent terms in a Sentencing Guideline.

I would harmonize sections 994(n) and 3553(e) with section 5K1.1 of the Sentencing Guidelines. I would apply section 3553(e) to Government motions requesting a sentence below the statutory minimum based upon substantial assistance. I would limit section 5K1.1 to Government motions recommending a downward departure from the applicable guideline range to the minimum punishment prescribed by Congress. I would reverse the district court's sentence because it is contrary to express Congressional intent and the law of the circuit.