968 F.2d 1222
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Phanor RINCON, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Giuseppe Alberto RESTREPPO, Defendant-Appellant.
 Nos. 91-50303, 91-50387.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 10, 1992.*
Decided July 14, 1992.
 
 Before FARRIS, WIGGINS and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Phanor Rincon argues that the district court erred in determining that he was not a "minor participant" under United States Sentencing Guideline § 3B1.2(b). We disagree. The record shows that Rincon acted as bodyguard and courier in an attempt to sell nearly five kilograms of cocaine. The record also shows that Rincon permitted agents to inspect the bag containing the cocaine and that the bag contained a document bearing Rincon's name. The district court did not commit clear error in determining that Rincon is not entitled to a minor participant reduction. Rincon fails in his attempt to transform our review of this factual determination into de novo review of a matter of law.
 
 
 3
 Giuseppe Restreppo contends that the district court erred when it failed to order specific performance of his plea agreement and to consider the government's § 5K1.1 motion as a motion under 18 U.S.C. § 3553(e) to impose a sentence below the statutory minimum. We do not reach these contentions. The record indicates that, at the sentencing hearing, Restreppo withdrew his motion for specific performance and to construe the government's § 5K1.1 motion as a motion to impose a sentence below the statutory minimum. The district court subsequently denied his attempt to reinstate the motion. Restreppo does not challenge the court's refusal to reinstate the motion.
 
 
 4
 Even if we were to reach the merits of his appeal, Restreppo could not prevail. He contends in essence that the government's refusal to release him from custody so that he could act as an informant prevented him from earning a government recommendation under § 3553(e) to depart below the statutory minimum sentence.
 
 
 5
 The record does not reflect that the government considered Restreppo's inability to act as an informant as pivotal. To the contrary, the government informed the district court that, although he could not provide undercover assistance, "Restreppo completely cooperated with the government and offered repeatedly to assist the government in any way."
 
 
 6
 Moreover, in United States v. Keene, 933 F.2d 711, 714-15 (9th Cir.1991), we held that § 5K1.1 implements the directives of 18 U.S.C. § 3553(e) and 28 U.S.C. § 944(n) and that "all three provisions must be read together in order to determine the appropriateness of a sentence reduction and the extent of any departure." Thus, once the government made a § 5K1.1 motion on behalf of Restreppo, the district court was authorized to depart to any extent permitted under § 3553(e). Id. at 715. We have no jurisdiction to review the extent to which the district court exercised its discretionary authority. See, e.g., United States v. Dickey, 924 F.2d 836, 838 (9th Cir.), cert. denied, 112 S.Ct. 383 (1991). The district court expressed no inclination to depart below the statutory minimum sentence, but there is no indication that it erroneously believed it lacked the authority to do so. See United States v. Garcia-Garcia, 927 F.2d 489, 491 (9th Cir.1991).
 
 
 7
 We AFFIRM Rincon's sentence and DISMISS Restreppo's appeal.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4 the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3