21 F.3d 1117
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Deshawn Renee GRIM, Defendant-Appellant.
 No. 93-50453.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1994.*
Decided March 30, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Deshawn Renee Grim appeals the 60-month sentence imposed following her guilty plea to possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1). Grim contends the district court erred by declining to depart downward from the mandatory-minimum sentence in light of the government's bad-faith refusal to move for departure pursuant to U.S.S.G. Sec. 5K1.1 to reward her substantial assistance. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 "We have jurisdiction to review a district court's refusal to depart downward based on its interpretation of law as barring such departure." United States v. Goroza, 941 F.2d 905, 908 (9th Cir.1991). We review for clear error a district court's construction of a plea agreement. United States v. Read, 778 F.2d 1437, 1441 (9th Cir.1985), cert. denied, 479 U.S. 835 (1986).
 
 
 4
 Grim was arrested in September 1992 after she attempted to pass through a metal detector at Los Angeles International Airport carrying two foil-wrapped packages of cocaine. At a meeting on December 2, 1992, Grim described to the Assistant United States Attorney (AUSA) how she had delivered cocaine from Los Angeles to Ohio once prior to her arrest. She identified the suppliers and recipients of the cocaine, and told where they lived and worked. Grim said that her sister's roommate, Kim Jackson, was responsible in part for arranging her trips to Ohio. She also described collect telephone calls and travel arrangements she made before she attempted each delivery.
 
 
 5
 Grim pleaded guilty on December 11, 1992 pursuant to an agreement with the government binding her, in relevant part, to "respond truthfully and completely to any and all questions or inquiries ... put to [her]." In return, the government agreed to notify the sentencing court of "the nature and extent of ... [her] cooperation" and to recommend a three-level adjustment for acceptance of responsibility. The government retained discretion to move for a substantial-assistance departure at sentencing.
 
 
 6
 Telephone, hotel, and airline receipts subsequently corroborated everything Grim reported. Pending receipt of these documents, however, the government learned that Grim's sister, Lachelle, had once been involved with Eddie Edwards, one of thirteen defendants indicted in 1990 in the Central District of California for involvement in a drug conspiracy. Edwards disappeared when he was indicted in 1990.
 
 
 7
 On May 25, 1993, Grim was called to a meeting where representatives of the United States Attorney's Office, the Drug Enforcement Agency and the United States Marshal's Service questioned her about Eddie Edwards. Grim said that Edwards had not been in contact with her family for three years. The authorities produced records showing that Edwards had telephoned Lachelle Grim's apartment between December 1991 and March 1992. Grim responded that she was unaware of any contacts between her sister or Kim Jackson and Edwards.
 
 
 8
 Next, the government agents asked Grim how her sister paid for the Lexus automobile she had purchased in June 1992. Grim explained that the car belonged to her mother.[1] Grim also denied using marijuana since her arrest until the agents confronted her with the results of drug tests administered by her pre-trial services officer.
 
 
 9
 Two days later, the government notified Grim that, due to her "lack of candor," it would not move for a substantial-assistance departure at sentencing. The district court concluded that the government acted in good faith, citing the telephone calls Edwards had made to Lachelle and Kim Jackson's apartment.
 
 
 10
 We discern no clear error in this conclusion. Grim signed a plea agreement binding her to be absolutely candid with the U.S. Attorney. Telephone and Department of Motor Vehicle records placed into question her assertion that no one in her family had been in touch with Edwards, and her failed drug tests completely belied her claim that she had not used marijuana. We cannot conclude, on this record, that Grim met her obligation under the plea agreement.[2]
 
 
 11
 We are without jurisdiction to consider Grim's arguments that other factors warranted a downward departure in her case. Absent a substantial-assistance motion or bad faith on the part of the government, the district court must pronounce the mandatory minimum sentence. Wade v. United States, 112 S.Ct. 1840, 1843-44 (1992); United States v. Keene, 933 F.2d 711, 714-715 (9th Cir.1991); 18 U.S.C. Sec. 3553(e).
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Grim's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government claims the car is registered in Lachelle's name. Grim claims her mother paid the down payment and currently makes the monthly payments on the car
 
 
 [2]
 Because we affirm the district court on the basis of the telephone records and drug tests results the government produced at the May 25, 1993 meeting, we need not consider whether Grim should have been allowed to confront the confidential informant who, she alleges, made false statements about her