48 F.3d 1229
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Charles SCHWARTZ, Defendant-Appellant.
 No. 94-15442.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 16, 1995.
Decided Feb. 27, 1995.
 
 Before: REINHARDT, THOMPSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 BACKGROUND
 
 2
 On January 18, 1990, petitioner Richard Charles Schwartz entered into a plea agreement with the United States government in which he pled guilty to the charge of possession with the intent to distribute and distribution of 100 grams or more of a mixture or substance containing a detectable amount of methamphetamine under 21 U.S.C. Sec. 841(a)(1). In addition, he agreed to assist the government in locating contraband materials and substances associated with the commission of the crime.
 
 
 3
 In exchange for Schwartz's guilty plea and assistance, the government moved for a downward departure from the otherwise applicable sentencing guidelines and requested the statutory minimum sentence of ten years to be imposed. The district judge, the late J.P. Vukasin, Jr., granted the government motion. Schwartz did not appeal his sentence.
 
 
 4
 In 1991, after the limitations period for Schwartz to appeal his sentence had expired, we interpreted three statutes to clarify the precise parameters of the district court's discretion to depart from the Guidelines when imposing a sentence: 18 U.S.C. Sec. 3553(e), 28 U.S.C. Sec. 994(n), and U.S.S.G. Sec. 5K1.1. United States v. Keene, 933 F.2d 711 (9th Cir.1991). We held that a district court has the discretion to depart below the otherwise mandatory minimum sentence upon receiving a single motion by the government to depart for substantial assistance, even if the government requested a smaller departure than the judge ultimately grants. Keene, 933 F.2d at 715. Based on this decision, Schwartz filed a habeas petition to set aside, vacate, or correct his sentence on the ground that all parties present at his sentencing hearing--including Judge Vukasin and Schwartz's attorney--misapprehended the scope of the district court's discretion as outlined in Keene. Schwartz contends that the district judge would have granted him a shorter sentence had he been aware of his discretion and submits two declarations from participants in an in camera discussion with the judge in support of his contentions. The district court dismissed his habeas petition based on United States v. Frady, 456 U.S. 152 (1982), and United States v. Dunham, 767 F.2d 1395 (9th Cir.1985). Schwartz timely appeals.
 
 DISCUSSION
 
 5
 Schwartz' attorney and the government both agree that, because Schwartz failed to appeal his sentence, he must show "cause" for not previously raising the claim and "actual prejudice" resulting from a bar of the claim under the standards outlined in Frady, 456 U.S. at 167-69. Accordingly, the issue presented to us is only whether Schwartz met these two criteria.
 
 
 6
 Even if Schwartz could establish cause in this case, we conclude that we must dismiss this petition because Schwartz has failed to establish "actual prejudice." Schwartz can point to nothing in the record that suggests that the district judge would have departed had he been aware of his discretion to do so. Schwartz has only provided affidavits containing the conjectures of two individuals concerning their personal beliefs as to the district judge's state of mind at the time of sentencing. We simply cannot accept such conjecture as evidence that Schwartz would have been sentenced differently had the district court been aware of its discretion.[1] Accordingly, the district court's decision to dismiss his habeas petition is
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 For similar reasons we deny the motion for remand for the filing of supplemental affidavits