**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 92-5569

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HENRY JOSEPH SANTA LUCIA,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Western District of Texas
May 7, 1993

---

Before POLITZ, Chief Judge, REAVLEY and BARKSDALE, Circuit Judges.

POLITZ, Chief Judge:

Convicted on a guilty plea of engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848(a), Henry Joseph Santa Lucia appeals, contesting the voluntariness of his plea and challenging his sentence. Finding no error, we affirm.

## Background

Santa Lucia pled guilty to the first of multiple counts of an indictment charging participation in a cocaine distribution operation. The count to which he pled, a violation of 21 U.S.C. § 848(a), carries a statutory minimum penalty of 20 years

imprisonment. Santa Lucia's plea bargain agreement recognized this but it committed the government to seek a downward departure to not more than 18 years because of Santa Lucia's assistance. As promised, at sentencing the government moved for a downward departure to 18 years imprisonment. Santa Lucia objected, insisting that he should be sentenced within the United States Sentencing Guideline range of 151 to 188 months that would have applied had his offense not been subject to a statutory minimum sentence.[1] The district court rejected this argument and imposed an 18-year sentence. This appeal followed.

## Analysis

Santa Lucia raises two issues on appeal: (1) the district court impermissibly departed upward without explanation by sentencing above the guideline range that would have applied absent a statutory minimim; and (2) his plea was involuntary because he believed he would be sentenced within the 151-188 month range absent unforeseen grounds for departure. Neither contention has merit.

The 18-year sentence was a downward departure from the guideline sentence, not, as Santa Lucia maintains, an upward departure. U.S.S.G. § 5G1.1(b) provides:

---

[1] After credit for acceptance of responsibility, Santa Lucia's offense level was 34 and his criminal history category was I.

> Where a statutorily minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.[2]

18 U.S.C. § 3553(e) authorizes the district court to sentence "below a level established by statute as minimum sentence" upon motion of the government indicating that the defendant has provided "substantial assistance in the investigation or prosecution of another person who has committed an offense." Consistent with this provision and 28 U.S.C. § 994(n), U.S.S.G. § 5K1.1 p.s. permits a downward departure from the guidelines sentence if the government files a substantial assistance motion.[3] The plain language of these provisions admits of only one interpretation: a sentence below the statutory minimum is a downward departure from the guideline sentence. Contrary to Santa Lucia's argument, the statutory minimum <u>is</u> the guideline sentence whether or not the government moves for a reduction.[4] And, upon appropriate motion by

---

[2] See <u>also</u> **United States v. Fields**, 923 F.2d 358 (5th Cir.), <u>cert</u>. <u>denied</u>, _____ U.S. _____, 111 S.Ct. 2066, 114 L.Ed.2d 470 (1991).

[3] Application Note 1 to § 5K1.1 p.s. declares:

Under circumstances set forth in 18 U.S.C. § 3553(e) and 28 U.S.C. § 994(n), as amended, substantial assistance in the investigation or prosecution of another person who has committed an offense may justify a sentence below a statutorily required minimum sentence.

[4] <u>See</u> **United States v. Hayes**, 939 F.2d 509 (7th Cir. 1991), <u>cert</u>. <u>denied</u>, _____ U.S. _____, 112 S.Ct. 896, 116 L.Ed.2d 798 (1992). Santa Lucia also contends that the district court ignored his assertion that he had cooperated with the government to the best of his ability and instead relied solely on the government's assessment of his assistance in selecting the 18-year sentence. His argument rests on a misreading of the record. In affirming

the government, the court may depart downward from such a statutory minimum sentence.[5]

Finally, Santa Lucia's challenge to his guilty plea is foreclosed by circuit precedent. As we held in **United States v. Jones**,[6] reliance on the erroneous advice of counsel relative to the sentence likely to be imposed does not render a guilty plea unknowing or involuntary. "As long as the defendant understood the length of time he might possibly receive he was fully aware of his plea's consequences."[7] The court informed Santa Lucia during his Fed.R.Crim.P. 11 allocution that a guilty plea would expose him to a mandatory minimum sentence of 20 years and a maximum of life imprisonment, a fine of $2 million, and supervised release. No more was required to inform Santa Lucia of his sentencing exposure.

AFFIRMED.

---

that it was sentencing "based, not on the guideline level, but on the government's recommendation," the court was referring to the dispute about whether the guideline sentence was the statutory minimum or the guideline level that would apply absent a statutory minimum.

[5] Three circuits addressing this matter have found departures from statutory minimum sentences appropriate upon motion by the government. **United States v. Ah-Kai**, 951 F.2d 490 (2d Cir. 1991); **United States v. Wade**, 936 F.2d 169 (4th Cir. 1991); aff'd 112 S.Ct. 1840 (1992); **United States v. Keene**, 933 F.2d 711 (9th Cir. 1991).

[6] 905 F.2d 867 (5th Cir. 1990).

[7] **Jones**, 905 F.2d at 868 (internal citations omitted); see also **United States v. Pearson**, 910 F.2d 221 (5th Cir. 1990), cert. denied, _____ U.S. _____, 111 S.Ct. 977, 112 L.Ed.2d 1062 (1991).