**UNITED STATES COURT OF APPEALS**

**For the Fifth Circuit**

---

No. 92-5091

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

GARY W. BECKETT,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Western District of Louisiana

---

(July 7, 1993)

Before DAVIS and DeMOSS, Circuit Judges, and ZAGEL[1], District Judge.

DeMOSS, Circuit Judge:

The question to be determined, one of first impression in this circuit, is whether the district court has authority to depart

---

[1]District Judge of the Northern District of Illinois, sitting by designation.

1

below the statutory minimum sentence imposed by 18 U.S.C. § 924(c)(1) after the government has filed a motion which seeks a downward departure from the Sentencing Guidelines under U.S.S.G. § 5K1.1 but which specifically asserts that it is not invoking 18 U.S.C. § 3553(e).

## I.  FACTUAL BACKGROUND

On May, 7 1992, an information was filed against Gary W. Beckett ("Beckett") containing the following three counts: (1) distribution of cocaine in violation of 21 U.S.C. § 841 (a)(1); (2) carrying a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924 (c)(1); and (3) forfeiture of property used in the drug distribution under 21 U.S.C. § 853.  At a hearing held on May 20, 1992, Beckett pleaded guilty to these charges.

In exchange for Beckett's plea, the government agreed to file a motion pursuant to Sentencing Guidelines § 5K1.1.  This section allows the government to file a motion for departure from the Sentencing Guidelines stating that the defendant has provided substantial assistance in the government's investigation and prosecution of another person who has committed an offense.  Upon such motion, the guidelines grant the district judge discretion to "depart from the guidelines." U.S.S.G. § 5K1.1.

In accordance with Rule 11(f), Federal Rules of Criminal Procedure, the court accepted the plea and set Beckett's sentencing hearing for October 2, 1992.  On September 30, 1990, the government filed its motion for departure, "[p]ursuant to 5K1.1 of the Sentencing Guidelines," as required by the plea agreement.

The presentence report put the sentencing range under the Sentencing Guidelines for the drug offense at 33 to 41 months. The report also stated that both Guideline § 2K2.4(a) and 18 U.S.C. § 924(c)(1) required a five year sentence on the gun count.[2] However, the report concluded by stating that "the plea agreement has a substantial impact on the overall sentencing options available to the court as it provides for a 5K1.1 Motion for Departure from the Sentencing Guidelines as outlined above."

On October 2, the day Beckett was to be sentenced, the government filed an amended motion for departure, stating that the motion was not made pursuant to 18 U.S.C. § 3553(e) and that it did not authorize the court to impose a sentence below the five-year statutory minimum under 18 U.S.C. § 924(c)(1). The court postponed sentencing until October seventh to allow the defendant time to respond to the government's amended motion.

At the postponed sentencing, the district court found that the government's motion for downward departure was warranted as to the drug charge. Accordingly, the court sentenced Beckett to 20 months

---

[2]     U.S.S.G. § 2K2.4 (a) states:  "If the defendant, whether or not convicted of another crime, was convicted under 18 U.S.C. § 924(c) ..., the term of imprisonment is that required by statute."

18 U.S.C. § 924(c)(1) states in relevant part: "Whoever, during and in relation to any ... drug trafficking crime (including a ... drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such ... drug trafficking crime, be sentenced to imprisonment for five years, ..."

3

imprisonment and 3 years supervised release.  However, the court concluded that it did not have the discretion to depart downward from the statutory minimum of § 924 (c)(1).  In this regard, however, the judge stated the following:

> I considered the question of whether I had the discretion to depart and I decided that I didn't have the discretion to depart, and if and when some court sitting in New Orleans says the judge in Shreveport was wrong, he has the discretion to depart, then I expect you to move for a resentencing or some other event.

Consequently, the district judge sentenced Beckett to the mandatory 5 years imprisonment to run consecutive to the sentence on the drug count, with 3 years of supervised release to run concurrent with the other supervised release term.

On appeal, Beckett asserts that the government's 5K1.1 motion for downward departure gave the district judge the authority to depart not only from the Sentencing Guidelines, but also from the statutory requirements of 18 U.S.C. § 924(c)(1).  He further contends that had the district judge believed he had such discretion, he would have exercised it.  We agree.

## II. ANALYSIS

The full text of § 3553(e) of title 18 provides:

> Limited authority to impose a sentence below a statutory minimum.--Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense.  Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

18 U.S.C. § 3553(e).

4

Section 994(n) of title 28 reads as follows:

> The Commission shall assure that the guidelines reflect the general appropriateness of imposing a lower sentence than would otherwise be imposed, including a sentence that is lower than that established by statute as a minimum sentence, to take into account a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense.

28 U.S.C. § 994(n).

And the relevant portion of § 5K1.1 is this:

> Substantial Assistance to Authorities (Policy Statement)
>
> Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

U.S.S.G. § 5K1.1.

The commentary accompanying § 5K1.1 contains the following "[a]pplication note[]":

> 1.   Under circumstances set forth in 18 U.S.C. § 3553(e) and 28 U.S.C. § 994(n), as amended, substantial assistance in the investigation or prosecution of another person who has committed an offense may justify a sentence below a statutorily required minimum sentence.

U.S.S.G. § 5K1.1, comment. n. 1.

Because Beckett pleaded guilty to two criminal statues, one of which carries a mandatory minimum sentence, this case involves both 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1.  The underlying question to be resolved is whether these two provisions provide for separate and distinct methods of departure, or whether they are intended to perform the same function.

5

Three other circuits have tackled the issue with which we find ourselves confronted.  In United States v. Cheng Ah-Kai, 951 F.2d 490 (2nd Cir. 1991), the Court was confronted with facts very similar to ours.  The defendant pleaded guilty to violating two criminal statutes, one of which carries a mandatory minimum sentence.  In exchange for the defendant's cooperation with the government, the government agreed to request the sentencing court to depart below the sentencing guidelines.  Prior to sentencing, the government sent a letter to the district court recommending a downward departure from the guidelines; it made no mention, however, of a departure below the statutorily required minimum sentence.  On appeal both the government and the defendant agreed that the letter was the equivalent of a 5K1.1 motion.

At sentencing, the defendant requested a sentence below the statutory minimum, and the government objected.  The government took the position it now takes today, that § 5K1.1 and § 3553(e) are separate and distinct methods of departure and that in the absence of a 3553(e) motion, the district court does not have the authority to depart below the statutory minimum sentence.  The district court "reluctantly" agreed with the government and sentenced the defendant to the statutory term.

On appeal, the Second Circuit reviewed the language of sections 3553(e), 994(n), and 5K1.1, as well as the Ninth Circuit's decision in United States v. Keene, 933 F.2d 711 (9th Cir. 1991) and the Fourth Circuit's decision in United States v. Wade, 936 F.2d 169 (4th Cir 1991) and came to the following conclusion:

> Analyzing the statutory scheme and the powers of the
> Sentencing Commission conferred by Congress, we likewise

6

> hold that a district court has discretion to depart below the statutory minimum sentence following a government motion pursuant to § 5K1.1. In our view, it is not necessary for the government to specify that it is moving under § 3553(e) for departure below the statutory minimum, once the power of the court has been invoked under § 5K1.1.

Cheng Ah-Kai, 951 F.2d at 492.

In reaching this conclusion, the Court found that § 5K1.1 implements the directive of § 994(n) and § 3553(e), and all three provisions must be read together. It found that Application Note 1 to § 5K1.1 supported this reading. More specifically, it found that by the inclusion of Application Note 1, the Sentencing Commission intended § 5K1.1 to be the "conduit" through which § 3553(e) may be applied.

In Cheng Ah-Kai, the Court also found other factors supporting "the connection between § 5K1.1 and § 3553(e)." The Court considered it to be noteworthy that both sections required a showing of substantial assistance before there can be a sentencing departure from the guidelines or the statutory minimum. It found that § 5K1.1's Background Commentary's reference to § 3553(c) "highlights the connection between § 5K1.1 and § 3553." It also considered the Sentencing Commission's reference to § 5K1.1 as governing departures below the statutory minimum in U.S.S.G. § 2D1.1, comment. (n.7) further support for "the contention that the Sentencing Commission perceives § 5K1.1 as covering departures both from 'mandatory (statutory) minimum' sentences and from the guidelines."

Finally, the Court considered its conclusion to reflect the proper balance of power between the district court and the

7

prosecution.  It noted that although the prosecution is in the best position to determine whether a defendant's cooperation rises to the level of substantial assistance, once that determination has been made, it is within the sound discretion of the sentencing judge to determine the extent of departure.  The Court concluded that to interpret § 5K1.1 and § 3553(e) as providing for two separate and distinct types of departure would allow the prosecution to determine the extent of departure and impermissibly usurp the district court's sentencing discretion.

The Second Circuit found much support for its decision in the Ninth Circuit's earlier decision in Keene.  Although the issue before the Court in Keene is the same confronting us today, the district court there was persuaded by Keene's argument and decided that it did have the authority to depart below a statutory minimum sentence upon a government's 5K1.1 motion for downward departure based on substantial assistance.  On appeal, the government contended that the court lacked such discretion in the absence of a 3553(e) motion by the government.

The Ninth Circuit engaged in much the same analysis described above.  It first found that there is nothing in the legislative history, nor in the language of § 3553 or § 994 to suggest that Congress intended to vest with the prosecutor not only the authority to make a substantial assistance motion, but also the authority to set the parameters of the court's sentencing discretion by choosing to move under § 5K1.1. rather than § 3553(e).  The Court then examined the statutory relationship

between § 3553(e), § 5K1.1, Application Note 1 to § 5K1.1, and § 994(n) and came to the following conclusion:

> In light of the substantial cross references between 5K1.1, 3553(e) and 994(n), we conclude that 994(n) and 5K1.1 do not create a separate ground for a motion for reduction below the guidelines exclusive of 3553(e)'s provision for reduction below the statutory minimum. Rather, 5K1.1 implements the directive of 994(n) and 3553(e), all three provisions must be read together in order to determine the appropriateness of a sentence reduction and the extent of any departure.

Keene, 933 F.2d at 714.

On the other hand, the Eighth Circuit considered the same issue in United States v. Rodriquez-Morales, 958 F.2d 1441, 1443 (8th Cir.1992), cert. denied, 113 S. Ct. 375 (1992) and came to the opposite conclusion. It based its decision on a literal reading of § 5K1.1 which speaks of a departure from "the guidelines" and § 3553(e) which authorizes a departure "below a level established by statute as minimum ..." Furthermore, it considered Application Note 1 to § 5K1.1 as "little more than an academic observation that, under the circumstances set forth in sections 994(n) and 3553(e), `a sentence below the statutory required minimum sentence' may be justified." "Section 5K1.1 does not state that a 5K1.1 motion applies to mandatory minimum sentence, or is the equivalent of a section 3553(e) motion," continued the Court.

The Court concluded that the only authority for the district court to depart below the statutory minimum sentence "exists in the plainly stated limitation in section 3553(e)." And since the government clearly indicated that it's substantial assistance motion was not based on § 3553(e) but rather on § 5K1.1, the

9

district court was without authority to depart below the statutory minimum sentence.

The Court in Rodriquez-Morales also addressed the concern that their conclusion would "place undue discretion in the hands of the" government by asserting that "it has been placed there by Congress and by the Sentencing Commission's failure to draft a guideline or policy statement dealing with departure below statutorily mandated minimum sentences." Finally the Court stated, "We are left with no choice but to hold that the sentencing judge may not depart below the statutory minimum pursuant to a motion under section 5K1.1 alone. Only a section 3553(e) motion allows for such a departure."

We find the analysis of Ah-Kai and Keene more persuasive than that of Rodriquez-Morales. Recognizing that the critical language of § 5K1.1 is not identical to that of § 3553(e) does not resolve the issue. We must consider that difference in light of the "substantial cross reference between 5K1.1, 3553(e) and 994(n)" as evidenced by Application Note 1 to § 5K1.1. Based on a combined reading of the aforementioned sections, we conclude that there is a direct statutory relationship between § 5K1.1 and § 3553(e) of such a character as to make § 5K1.1 the appropriate vehicle by which § 3553(e) may be implemented.

This interpretation of § 5K1.1 and § 3553(e) preserves the appropriate scope of the government's and the sentencing judge's authority. The government is clearly authorized to determine whether a defendant's cooperation amounts to substantial assistance. If it so determines, then it may file a 5K1.1 motion for downward departure. Without such a motion, the court cannot

10

consider the defendant's assistance as a ground for downward departure. United States v. White, 869 F.2d 822, 828-29 (5th Cir. 1989). However, once the motion is filed, the judge has the authority to make a downward departure from any or all counts, without regard to any statutorily mandated minimum sentence. We see nothing in these provisions that causes us to believe that Congress intended to permit the government to limit the scope of the court's sentencing authority by choosing to package its substantial assistance representation in a 5K1.1 motion rather than a 3553(e) motion.

Therefore, we hold that when the prosecution moved under § 5K1.1 for a downward departure from the guidelines based on Beckett's substantial assistance, the district court was authorized to depart below the statutory minimum sentence imposed by 18 U.S.C. § 924 (c)(1). This holding is based on our conclusion that § 5K1.1 is the appropriate tool by which § 3553(e) may be implemented.

This holding is supported by our circuit's recent decision in United States v. Santa Lucia, 991 F.2d 170 (5th Cir. 1993). Although the Court was not faced with the precise facts we have before us today, language from Santa Lucia is supportive of our analysis.

In Santa Lucia, the defendant pleaded guilty to a single count charging a violation of a statute which carries a minimum sentence of 20 years. In exchange for the defendant's substantial assistance, the government agreed to seek a downward departure to not more than 18 years. At sentencing the government moved for a downward departure to 18 years. The defendant objected, however,

11

insisting that he should be sentenced within the United States Sentencing Guideline range of 151 to 188 months, the applicable range had his offense not been subject to a statutory minimum sentence. Nevertheless, the district court imposed an 18 year sentence, and the defendant appealed, arguing that the district court impermissibly departed <u>above</u> the applicable guideline range.

The Court in <u>Santa Lucia</u> first disabused the defendant of his notion that the district court's departure was upward, rather than downward, by drawing his attention to U.S.S.G. § 5G1.1(b) which makes the statutorily required minimum sentence the guideline sentence in the event the required minimum sentence is greater than the maximum applicable guideline range. The Court then addressed a facet of the issue now before us: whether upon the filing of a 5K1.1 motion the district court is permitted to depart below a statutorily required minimum sentence.

In answering this question, the Court examined the language of § 3553(e), § 944(n), § 5K1.1, and Application Note 1 to § 5K1.1 and came to the conclusion that, "The plain language of these provisions admits of only one interpretation: a sentence below the statutory minimum is a downward departure from the guideline sentence." And since § 5K1.1 allows the district judge to "depart from the guidelines," the Court concluded that upon a 5K1.1 motion by the government, the court may depart below a statutory minimum sentence, citing <u>Cheng Ah-Kai</u>, <u>Keene</u>, and <u>Wade</u>.

## III. CONCLUSION

Because it appears to us that the district court's erroneous construction of U.S.S.G. § 5K1.1 affected the sentence imposed, <u>United States v. Johnson</u>, 961 F.2d 1188, 1189, n. 1 (5th Cir. 1992), we therefore VACATE the sentence imposed by the district court and REMAND the case for resentencing.