IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40149
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ARMANDO VASQUEZ-GARCIA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-99-CR-320-2
--------------------
December 13, 2000

Before DAVIS, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

    Armando Vasquez-Garcia appeals his guilty-plea conviction for possession with intent to distribute approximately one kilogram of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2. He argues that his plea was involuntary due to his counsel's representation that the 60-month minimum mandatory sentence was inapplicable to his case and that he would receive a sentence less than the minimum mandatory sentence.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

When a defendant pleads guilty to a criminal offense, he waives several constitutional rights. The record of the guilty-plea hearing therefore must affirmatively reflect that the plea is knowing and voluntary. Boykin v. Alabama, 395 U.S. 238, 243 (1969). The voluntariness of a defendant's guilty plea is reviewed de novo. United States v. Amaya, 111 F.3d 386, 388 (5th Cir. 1997).

Even if it is assumed that counsel erroneously advised Vasquez-Garcia that the minimum mandatory sentence was inapplicable to his case and that he would receive a sentence less than the 60-month minimum mandatory sentence, such erroneous information is insufficient to establish that Vasquez-Garcia's plea was involuntary. "[R]eliance on the erroneous advice of counsel relative to the sentence likely to be imposed does not render a guilty plea unknowing or involuntary." United States v. Santa Lucia, 991 F.2d 179, 180 (5th Cir. 1993). As long as the defendant understood the length of time he might possibly receive, he was aware of the plea's consequences. Id.

The district court's admonishments with regard to the correct statutory range of Vasquez-Garcia's sentence at the plea hearing and Vasquez-Garcia's sworn acknowledgment that he understood the possible range of punishment show that Vasquez-Garcia's plea was knowing and voluntary.

AFFIRMED.