United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 16, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30093
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DERRICK SMITH, also known as Derek Anthony Smith,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
No. 02-CR-385-ALL-K
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Derrick Smith, proceeding *pro se*, appeals his guilty-plea conviction and sentence for being a felon in possession of a firearm and possession with intent to distribute more than 50 grams of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cocaine base. Pursuant to a stipulated sentence in his plea agreement, Smith received a sentence of 327 months of imprisonment.

Smith alleges that his retained counsel was ineffective. Although this court generally will not entertain claims of ineffective assistance on direct appeal, see United States v. Bounds, 943 F.2d 541, 544 (5th Cir. 1991), the record is sufficiently developed to dispose of Smith's claims.

Smith first asserts that if counsel had informed him that the government was seeking to enhance his sentence as a career offender, he would not have pleaded guilty. As long as the defendant understood the length of time he might possibly receive, however, he was aware of the plea's consequences. United States v. Santa Lucia, 991 F.2d 179, 180 (5th Cir. 1993). Smith was informed during rearraignment of both the maximum possible sentence and the stipulated sentence to which he had agreed in his plea agreement. He was thus informed of the consequences of his plea. Smith has not established that counsel provided ineffective assistance or that, but for the alleged ineffectiveness, he would have proceeded to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985). His plea is valid.

Smith asserts that counsel was ineffective for failing (1) to inform him that the government was seeking to enhance his sentence as a career offender, (2) to investigate or challenge the enhancement, (3) to review the PSR with him, and (4) to present his

objections. Smith also argues that the district court erroneously found that he was subject to the career offender enhancement.

Smith may not raise these claims, because his plea agreement generally waived the right to appeal his sentence. A defendant must know that he had "a right to appeal his sentence and that he was giving up that right." United States v. Portillo, 18 F.3d 290, 292 (5th Cir. 1994) (internal quotation marks and citation omitted). Because the district court plainly explained the waiver provision at rearraignment and Smith stated he understood it, the waiver provision is valid and bars our consideration of these issues. Even if the waiver did not apply, however, Smith cannot demonstrate any prejudice resulting from counsel's alleged deficiencies, because he received the sentence to which he had stipulated.

Finally, Smith argues that counsel was ineffective for failing to inform him of the 10-day period for filing a notice of appeal and for failing to move to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). Assuming that counsel did fail to inform Smith of the time limits, Smith was not prejudiced, because he filed a timely *pro se* notice of appeal. In addition, Smith's retained counsel was not required to comply with Anders in order to withdraw.

Smith's motion for leave to file a supplemental brief is DENIED.

AFFIRMED.