**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 22, 2009

Charles R. Fulbruge III
Clerk

No. 08-50961
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SERVANDO MARTINEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:05-CR-772-10

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Servando Martinez appeals following his guilty plea to conspiracy to possess with intent to distribute five kilograms or more of cocaine. Martinez argues that the district court abused its discretion in denying his motion to withdraw his guilty plea filed eleven months after he entered the plea. He contends that based on an analysis of the factors considered in *United States v.*

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Carr*, 740 F.2d 339 (5th Cir. 1984), he showed a fair and just reason for the withdrawal of the plea.

Martinez has not carried his burden of showing a fair and just reason for allowing the withdrawal of his plea. *United States v. Still*, 102 F.3d 118, 124 (5th Cir. 1996). His belated assertion of innocence, which is contrary to his sworn testimony at his rearraignment and his reaffirmation of his guilt to the district court at a post-guilty plea hearing, is not credible and he has provided no substantial reason for the eleven-month delay in filing the motion. *See United States v. Lampazianie*, 251 F.3d 519, 524-25 (5th Cir. 2001). The record refutes Martinez's contention that he did not understand that he was pleading guilty to the drug conspiracy charge. Martinez was also made aware of the potential penalty that could be imposed for his offense and the rights that he was waiving by pleading guilty. *See Boykin v. Alabama*, 395 U.S. 238, 244 (1969). Thus, even if his counsel provided him with an incorrect estimate of his potential sentence, the record reflects that Martinez understood the length of time that he faced if he pleaded guilty and there is no indication that he would have proceeded to trial on the conspiracy and money laundering counts but for counsel's alleged error. *Hill v. Lockhart,* 474 U.S. 52, 56-59 (1985); *United States v. Santa Lucia*, 991 F.2d 179, 180 (5th Cir. 1993). Thus, he failed to show he was prejudiced by counsel's representation. *Hill*, 474 U.S. at 59.

In light of the length of the delay since his guilty plea, Martinez has not shown that the withdrawal of his plea will not prejudice the Government, who would have to reassemble the evidence to be presented in the case. Nor has he shown that proceeding to trial would not inconvenience the district court or waste judicial resources.

Martinez has not established that the district court abused its discretion in denying his motion to withdraw. *See United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003).

AFFIRMED.