# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 31, 2011

No. 10-20040

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

DRAGO DOLIC, also known as Dan,

Defendant – Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CR-393-1

Before KING, GARZA, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Drago Dolic appeals from a judgment of conviction entered by the district court on drug conspiracy and money laundering charges. We conclude that the court's various Rule 11 failures during Dolic's plea colloquy resulted in plain error that affected his substantial rights. We therefore VACATE the judgment of the district court and REMAND for further proceedings consistent with this opinion.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20040

FACTUAL AND PROCEDURAL BACKGROUND

Drago Dolic was charged with one count of conspiracy to possess with intent to distribute cocaine and marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), 841(b)(1)(B)(vii), and 846, and one count of aiding and abetting conspiracy to commit money laundering in violation of 18 U.S.C. §§ 2, 1956(a)(1)(A)(i), and 1956(h). Dolic appeared before the district court on July 13, 2009, with the apparent intention of pleading guilty to the indictment. Because the district court never asked Dolic for his plea, however, Dolic never formally pled guilty to the charges against him.

At the beginning of the plea colloquy, the district court inquired as to Dolic's age and educational background. The court established that Dolic was a Canadian citizen, was not under the care of a physician or a psychologist, and had not recently used drugs or alcohol. Dolic affirmed that he had a chance to speak with his lawyers about the case and that he was "very satisfied" with their work. After Dolic declined to have the court read the indictment to him, the court advised Dolic that he was charged in a two-count indictment with conspiracy to possess with intent to distribute more than five kilograms of cocaine and with conspiracy to launder money. The court generally explained the elements of both of these crimes and Dolic indicated that he did not have any questions about the charges. The court admonished Dolic that the punishment for the drug charge was "10 years to life, [a] $4,000,000 fine, and five years of supervised release and a hundred dollar tax" and that the punishment for the money laundering charge was "up to 20 twenty years, up to a half-million-dollar fine or twice the value of the property, three years of supervised release, and a hundred dollar tax."

The court then asked whether the "related conduct" had been "quantified." After some discussion, the court stated: "I'm painfully aware of the scope of [the Government's] case. But that transaction to which [Dolic is] pleading guilty is

2

No. 10-20040

80 kilograms and I'm just going to round it up to roughly 12,000 [dollars per kilogram], so that's roughly a million dollars." The court asked Dolic whether he had "read this three-page thing about what you did," and Dolic answered that he had. The court was referring to a three-page-long "Factual Basis" that supported a plea to possession with intent to distribute 75 kilograms of cocaine and conspiracy to launder approximately $700,000.

The court explained to Dolic that a conviction would "make it almost impossible for you to immigrate [to] or visit this country" and that "the supervised release is like probation after you do the time." The district court also ascertained that no one had threatened or promised Dolic anything in order to induce him to plead guilty. The plea colloquy concluded with the setting of a sentencing date.

The Pre-Sentence Report ("PSR") recommended that Dolic be held responsible for over 30,000 kilograms of marijuana, which resulted in a base offense level of 38.[1] Two points were added for his money laundering conviction, and four more points were added for his organizer/leadership role in the offense. Three points were then subtracted for acceptance of responsibility, resulting in a total offense level of 41. Dolic had no criminal history. Thus, under the Guidelines, Dolic faced a sentence in the range of 324 to 405 months.

Dolic filed an untimely single-sentence objection to "any factual recitation in the Presentence Report that increases his guideline calculations that were not in the Indictment or the factual basis to which he pled." At the sentencing hearing, Dolic argued that he "pled guilty" with the understanding that he was pleading guilty to possession with intent to distribute 75 kilograms of cocaine, the amount supported by the three-page Factual Basis introduced during his

---

[1] The relevant marijuana, cocaine, and money attributable to drugs were converted to kilograms of marijuana in accordance with the Drug Equivalency Table to obtain a single offense level.

No. 10-20040

plea colloquy. He also argued that the factual basis did not support an enhancement for an organizer/leadership role. Dolic posited that the total offense level should be 35, which would result in a Guidelines range of 168 to 210 months. He reached this offense level by starting at a base offense level of 36, correlating to 75 kilograms of cocaine; adding two points for the money laundering charge; and subtracting three points for acceptance of responsibility.

The district court overruled Dolic's objection and imposed a 320-month sentence on the drug count and a 240-month sentence on the money laundering count, to be served concurrently and to be followed by five years' supervised release. On appeal, Dolic argues that the district court erred by: (1) failing to admonish him pursuant to Federal Rule of Criminal Procedure 11(b)(1)(M) during the plea colloquy; (2) failing to articulate its rationale for the sentence imposed; and (3) considering conduct not charged in the indictment or mentioned in the factual basis in its calculation of the sentencing range.

## DISCUSSION

Dolic's attack on the plea colloquy is based only on the district court's failure to comply with Federal Rule of Criminal Procedure 11(b)(1)(M), which mandates that the court personally explain to a defendant the court's obligation to independently calculate the applicable Sentencing Guidelines range and to generally ensure that the defendant understands how the Guidelines calculation will affect the sentence imposed. *See* Fed. R. Crim. P. 11(b)(1)(M). However, the Government points out that the plea colloquy was also deficient in several other ways under Rule 11.

Because Dolic did not object below to the district court's plea colloquy, we review for plain error only. *See United States v. Oliver*, 630 F.3d 397, 411 (5th Cir. 2011). Under this standard, Dolic must demonstrate that his substantial rights were affected by the district court's alleged Rule 11 failure. *See id.* at 411–12. We will correct a plain error only if it "seriously affect[ed] the fairness,

integrity, or public reputation of judicial proceedings." *Id.* at 412 (citation and internal quotation marks omitted). To "obtain relief for an unpreserved Rule 11 failing . . . a defendant is obliged to show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004). "When reviewing under a plain error standard, this 'court may consult the whole record when considering the effect of any error on substantial rights.'" *Oliver*, 630 F.3d at 412 (quoting *United States v. Vonn*, 535 U.S. 55, 59 (2002)).

Viewing the record as a whole, we find plain error justifying reversal. The court advised Dolic at the plea colloquy that the "relevant conduct" involved in his "guilty plea" was the information supported by the Factual Basis, which would have resulted in a substantially lower sentencing range (168–210 months) than what Dolic actually faced at sentencing (324–405 months).    Any misunderstanding that may have resulted from this discussion was compounded by the district court's failure to advise Dolic of its "obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a)." Fed. R. Crim. P. 11(b)(1)(M).  Although this error standing alone does not always require reversal, *see, e.g., United States v. Santa Lucia*, 991 F.2d 179, 180 (5th Cir. 1993), the court in this case also failed to advise Dolic of his "right to plead not guilty," Fed. R. Crim. P. 11(b)(1)(B); his "right to a jury trial," *id.* 11(b)(1)(C); his "right to be represented by counsel—and if necessary have the court appoint counsel—at trial and at every other stage of the proceeding," *id.* 11(b)(1)(D); and his "right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses," *id.* 11(b)(1)(E). Because the court did not advise Dolic of these rights, it necessarily failed to advise him that he was waiving these trial rights by pleading guilty.    *Id.*

No. 10-20040

11(b)(1)(F). The court further did not accurately advise Dolic of "the nature of each charge" to which he was pleading by neglecting to inform Dolic that the drug charge involved over 100 kilograms of marijuana in addition to over five kilograms of cocaine. *See id.* 11(b)(1)(G). Finally, all of these Rule 11 deficiencies were compounded by the egregious fact—which the Government points out in its briefing—that a "thorough examination of the record also reveals that the district court never asked Dolic how he was pleading to the charges, guilty or not guilty. Dolic literally never pleaded to anything." Under the totality of these circumstances, there is a reasonable probability that, but for these errors, Dolic may not have attempted to enter a guilty plea.

## CONCLUSION

The Government concedes plain error, and asks that we vacate the judgment and remand this case to the district court. On the record as a whole, we agree that there was plain error that requires reversal. We therefore vacate the judgment of the district court and remand this case for further proceedings consistent with this opinion.

JUDGMENT OF CONVICTION AND SENTENCE VACATED.