**Filed 10/1/96**

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

EUSTAQUIO C. DEASES,

    Defendant - Appellant.

No. 96-3152

D. Kansas

(D.C. No. 96-3089-DES)

## ORDER AND JUDGMENT[*]

Before **ANDERSON**, **BARRETT**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Eustaquio Deases appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence. He contends that the district court erred in finding that the facts supported his guilty plea and conviction for carrying a weapon under 18 U.S.C. § 924(c)(1). We grant a certificate of appealability and affirm.

As set forth in our opinion in his direct appeal, Deases was indicted for unlawful possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), and for using or carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). United States v. Deases, 918 F.2d 118, 119 (10th Cir. 1990), cert. denied, 501 U.S. 1233 (1991). After the district court denied his motion to suppress, Deases entered a conditional guilty plea to both counts, appealed the denial, and we affirmed. Id. at 119, 123. Relevant to the present § 2255 claim, our opinion noted the undisputed facts that a search of Deases' car trunk revealed a loaded shotgun and a travel bag which contained cocaine. Id. at 121.

We have recently held that a prisoner in Deases' situation may bring collateral proceedings to attack the validity of a conviction for using a firearm under § 924(c)(1), and that Bailey v. United States, 116 S. Ct. 501 (1995), applies retroactively to cases on collateral review. United States v. Barnhardt, ___ F.3d ___, No. 96-6127, 1996 WL 473314 (10th Cir. Aug. 20, 1996). As in Barnhardt, this appeal concerns "the application of Bailey in a case where the defendant pled guilty to a charge that he used or carried a firearm during and in relation to a drug trafficking offense in violation of § 924(c)(1),"

and our inquiry is "whether there is an adequate factual basis for his guilty plea." Id. at *3. Our analysis treats a district court's acceptance of a guilty plea as a finding of an adequate factual basis for the plea, and we review that finding for clear error. Id. at *4. A fact is clearly erroneous if the record contains no support for it, or if our review of the evidence leaves us with "a definite and firm conviction that a mistake has been made." Id. If we find facts supporting either "use" or "carry" under § 924(c)(1), the conviction must be sustained. See id. at *3-5.

We agree with Deases' argument that, in light of Bailey, the facts do not support a conviction for "use"of a firearm under § 924(c)(1). However, Bailey does not conflict with or impact this circuit's line of cases respecting the "carry" prong of § 924(c)(1). United States v. Miller, 84 F.3d 1244, 1259-60 (10th Cir. 1996) (collecting cases). Specifically, those cases hold that when a car is used, "carrying a weapon" denotes "a less restrictive meaning than carrying on the person." United States v. Cardenas, 864 F.2d 1528, 1535 (10th Cir.), cert. denied, 491 U.S. 909 (1989). Since the means of carrying is the car itself, rather than the defendant's person, the weapon need not be readily at hand, so long as the defendant knowingly exercises dominion and control over it. Miller, 84 F.3d at 1258-59 (citing Cardenas, 864 F.2d at 1535-36, as supplemented by United States v. Ross, 920 F.2d 1530, 1532 (10th Cir. 1990)). Thus, when a car is involved, the government must prove only "that the defendant transported a firearm in a vehicle and that he had actual or constructive possession of the firearm while doing so." Id. at 1259.

The facts of this case are that Deases' loaded shotgun was in the trunk where the cocaine was located. Additionally, he admitted ownership and knowing it was in the trunk. <u>See</u> R. Vol. I, Tab 45 at 9. We agree with the district court's conclusion that the loaded shotgun was available to Deases, in close proximity to the cocaine, whenever he might effectuate his illegal drug transaction. Accordingly, the court did not err in concluding that Deases transported the shotgun and possessed the requisite dominion and control over it to support his guilty plea for "carrying" under § 924(c)(1).

AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge